**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 6, 2017

LETTER TO COUNSEL

RE:     *Jos. A. Bank Clothiers, Inc. v. J.A.B.-Columbia, Inc. et al.*;
        Civil No. ELH-15-3075

Dear Counsel:

On October 9, 2015, Plaintiff Jos. A. Bank Clothiers, Inc. ("Jos. A. Bank") filed a complaint against three of its South Carolina franchisees: Defendants J.A.B.-Columbia, Inc., J.A.B.-Harbison, Inc., and J.A.B.-Forest Drive, Inc. ("Franchisees"). [ECF No. 1]. Plaintiff seeks a declaratory judgment regarding a dispute with Defendants over the right, if any, to renew the franchise stores under the parties' franchise agreements. *Id.* Defendants filed counterclaims for declaratory judgment, breach of contract, and intentional and/or reckless misrepresentation. [ECF No. 10]. The case was referred to me for discovery, specifically Plaintiff's Motion for Protective Order. [ECF No. 42]. Presently pending is Plaintiff's Motion for Protective Order and the opposition and reply thereto. [ECF Nos. 41, 43, 45]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth herein, Plaintiff's Motion for Protective Order, [ECF No. 41], is GRANTED IN PART and DENIED IN PART.

## I.     BACKGROUND

On December 16, 2015, Judge Hollander submitted a draft scheduling order providing a discovery deadline of May 20, 2016. [ECF No. 12]. On January 20, 2016, Judge Hollander held a telephone conference to discuss the discovery schedule. That day, the parties submitted a joint status report stating that they would participate in private mediation. [ECF No. 17]. Accordingly, Judge Hollander entered a scheduling order providing a revised discovery deadline of September 20, 2016. [ECF No. 18]. On August 1, 2016, Judge Hollander, at the parties' request, extended the discovery deadline to November 21, 2016. [ECF No. 31].

On October 21, 2016, Defendants served Plaintiff a Rule 30(b)(6) deposition notice seeking witness testimony on several topics. [ECF No. 39]. Defendants supplemented their notice on October 28, 2016. *Id.* On November 10, 2016, the parties met and conferred by telephone to discuss Plaintiff's objections to Defendants' deposition notice, but were unable to resolve their disputes. *Id.* On November 7, 2016, Defendants sought a further extension of the discovery deadline to February 20, 2017. [ECF No. 32]. On November 17, 2016, Judge Hollander granted Defendants' request in part, and modified the discovery deadline to January 25, 2017. [ECF No. 38]. In her order, Judge Hollander noted that both parties "[bore] some responsibility for the fact that discovery is not yet complete," and that "the parties have [not] genuinely satisfied their affirmative duty to cooperate regarding discovery." *Id.* On November

*Jos. A. Bank Clothiers, Inc. v. J.A.B.-Columbia, Inc. et al*
Civil No. ELH-15-3075
January 6, 2017
Page 2

21, 2016, Plaintiff filed the instant Motion for Protective Order to strike or limit several 30(b)(6) deposition topics as "demonstrably irrelevant," "oppressive," and "not reasonably calculated to lead to the discovery of admissible evidence." [ECF No. 41]. Defendants contend that the deposition topics are relevant and discoverable. [ECF No. 43].

## II.    LEGAL STANDARD

Parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 26(b), relevance, rather than admissibility, governs whether information is discoverable. *See* Fed. R. Civ. P. 26(b)(1); *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab*, 171 F.R.D. 179, 181 (D. Md. 1997). Information sought need only "appear[] [to be] reasonably calculated to lead to the discovery of admissible evidence" to pass muster. *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014). However, even in the case of relevant information, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Instead, Rule 26(b) inserts a proportionality requirement into the amount and content of the discovery sought, and requires courts to consider the "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Significantly, Rule 26(c)(1) permits courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Where a protective order is sought, the moving party bears the burden of establishing good cause. *Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). To determine whether the movant has met his burden, the court must balance the "interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, "the Court must weigh the need for the information versus the harm in producing it." *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted). Despite the broad discretion conferred on trial courts to "decide when a protective order is appropriate and what degree of protection is required," *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984), the standard for issuance of a protective order is high. *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009).

## III.    DISCUSSION

Plaintiff seeks to: (1) strike eight deposition topics regarding Plaintiff's course of dealing and employment of two former managers, Mr. Bell and Mr. Finley; and (2) limit the scope of questioning regarding "the concept of 'evergreen renewals.'" [ECF No. 41]. For the reasons discussed below, Plaintiff's Motion will be granted in part and denied in part.

*Jos. A. Bank Clothiers, Inc. v. J.A.B.-Columbia, Inc. et al*
Civil No. ELH-15-3075
January 6, 2017
Page 3

As a preliminary matter, the Court must decide what law to apply. The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). [ECF No. 1]. Thus, the Court must apply the substantive law of the state in which the action arose, *see Nationwide Mut. Ins. Co. v. Welker*, 792 F. Supp. 433, 437 (D. Md. 1992) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)), and the choice of law rules of the forum. *See Harvard v. Perdue Farms, Inc.*, 403 F. Supp. 2d 462, 466 (D. Md. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Maryland choice of law rules, Maryland courts generally enforce choice of law provisions in contracts. *See Cunningham v. Feinberg*, 441 Md. 310, 326, 107 A.3d 1194, 1204 (2015) (citing *Am. Motorists Ins. Co. v. ARTRA Grp., Inc.*, 338 Md. 560, 572, 659 A.2d 1295, 1301 (1995)). Thus, because the Franchise Agreements expressly provide that they shall be governed by Maryland law, the Court will apply Maryland law.

As background, under Maryland law, the threshold question in a contract dispute is whether the terms of the contract are ambiguous. *Point's Reach Condominium Council of Unit Owners v. Point Homeowners Ass'n, Inc.*, 213 Md. App. 222, 73 A.3d 1145, 1163 (2013) (holding that "[w]hen a writing is ambiguous, extrinsic evidence is admissible to determine the intentions of the parties to the document."). Discovery of extrinsic evidence to aid the interpretation of contract language "is only admissible after the court finds the contract to be ambiguous." *Sy-Lene of Washington, Inc. v. Starwood Urban Retail II, LLC*, 376 Md. 157, 162, 829 A.2d 540, 544 (2003). Contract language is ambiguous "if, to a reasonably prudent person, the language used is susceptible of more than one meaning and not when one of the parties disagrees as to the meaning of the subject language." *Bd. of Educ. of Charles Cnty.*, 569 A.2d at 1296; *see Sierra Club v. Dominion Cove Point LNG, L.P.*, 216 Md. App. 322, 86 A.3d 82, 89 (Md. Ct. Spec. App. 2014) ( "[T]he mere fact that the parties disagree as to the meaning does not necessarily render [a contract] ambiguous."). In this case, the parties dispute the interpretation of the franchise agreements' renewal provision. Specifically, that provision grants Defendants the right "to buy a successor franchise for the Store" if certain outlined terms and conditions are satisfied. [ECF No. 1] (citing Exs. 1-3, §§ 16.01, 16.03). Plaintiff claims that this contract language is unambiguous and forecloses Defendants' claim, because it limits Defendants to a single franchise renewal. [ECF No. 41]. Defendants contend, however, that the contract language grants them multiple successor franchises, or that, alternatively, the contract language is ambiguous and warrants the discovery of extrinsic evidence. [ECF No. 43].

Ultimately, however, the Court need not reach the question of the agreements' alleged ambiguity here.[1] As noted above, Rule 26(b)(2) requires a court, upon receipt of a Motion for Protective Order, to limit discovery to insure that it is proportional to what is in dispute in the litigation. *Webb v. Green Tree Servicing LLC*, No. CIV. ELH-11-2105, 2012 WL 3139551, at *3 (D. Md. July 27, 2012); *see* Fed. R. Civ. P. 26(b)(2)(C). The rule identifies the following factors to be considered: whether the discovery sought is unreasonably cumulative or duplicative; whether the information sought is obtainable from some other more convenient, less

---

[1] Indeed, the parties' decision to address the potentially dispositive issue of contract ambiguity in the instant discovery motions, nearly a year into discovery, is somewhat troubling.

burdensome or inexpensive source; whether the party seeking the information already has had adequate opportunity to obtain the information; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into consideration the following: the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation and of the discovery sought to the resolution of the issues. *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 98 (D. Md. 2003); *see* Fed. R. Civ. P. 26(b)(2). Considering these factors, even assuming extrinsic evidence were discoverable, most of Defendants' requested discovery would subject Plaintiff to an undue burden. *See* Fed. R. Civ. P. 26(c)(1)(B). Accordingly, Plaintiff's Motion for Protective Order is granted in part and denied in part.

### A.   Deposition Topics 1, 2, 3, 4, 9, and 12

Plaintiff moves this Court to strike several deposition topics on the grounds that they are irrelevant. [ECF No. 41]. First, Plaintiff seeks to strike the following six topics:

1. The initial negotiations in 1991 and 1992 between Jos. A. Bank and any of the Bell Group (as defined in the pleadings), including but not limited to, John W. Bell, III, in which Jos. A. Bank induced the Bell Group to become Jos. A. Bank franchisees.[2]

2. Jos. A. Bank's use of a VID-MARK or VIP-MARK franchise agreement as the model for other franchise agreements; and the decision to remove or modify certain provisions, including but not limited to provisions contained in the "TERM AND RENEWAL" and "ACKNOWLEDGEMENTS" sections of the "Initial Franchise Agreements" (as defined in the pleadings).

3. Jos. A. Bank's use of a "DOKTOR" franchise agreement as the model for other franchise agreements; and the decision to remove or modify certain provisions, including but not limited to provisions contained in the "TERM AND RENEWAL" and "ACKNOWLEDGEMENTS" sections of the "Initial Franchise Agreements" (as defined in the pleadings).

4. Use of any other franchise agreement as a model.

\*\*\*

---

[2] The Bell Group is the Defendants' parent company. The franchise agreements at issue in this case were signed for South Carolina stores in 2005, 2009, and 2010. [ECF No. 41]. In this topic, however, Plaintiff seeks testimony regarding earlier negotiations between Plaintiff and the Bell Group concerning an Asheville, N.C. franchise store. *Id.*

9. All dealings and communications between Jos. A. Bank and Bell, French & Associates, Inc., and any of its principals and agents, including, but not limited to John W. Bell, III and John F. French.

\*\*\*

12. The drafting, negotiation, interpretation, construction, and provenance of the renewal sections of Jos. A. Bank's franchise agreements that were signed during the time period of 1995 to 1998.

*Id.* Plaintiff contends that these topics are "demonstrably irrelevant," "oppressive," and "not reasonably calculated to lead to the discovery of admissible evidence." *Id.* Specifically, Plaintiff contends that discovery of past franchise agreements with "different franchises owned by different corporations in different cities" is irrelevant to the instant dispute. [ECF No. 45]. Moreover, Plaintiff argues that Defendants' requested discovery "ha[s] been fully explored in depositions and document discovery," and specifically notes that "the still living individuals with first-hand knowledge of the contested events have already" been deposed. *Id.* Consequently, Plaintiff asserts that "the burden placed on [it] to prepare a witness to testify about them would be substantial." *Id.* In opposition, Defendants argue that their requests "address the drafting and evolution of the franchise contracts between the parties, are essential to establishing Jos. A. Bank's corporate position on the record and are squarely within the scope of allowable discovery under the Federal Rules." [ECF No. 43].

I am persuaded that the burden associated with these deposition topics is significantly disproportional to what is in dispute in this litigation. Defendants seek testimony regarding events that predate the execution of their franchise agreements. [ECF No. 41]. Although Defendants' franchise agreements were executed in 2005, 2009, and 2010, Defendants request discovery regarding contracts executed with non-party Bell Group franchisees and other corporate entities in the 1990s. [ECF No. 41]. Such discovery bears minimal relevance to these parties' intent fifteen years later. In addition, Defendants' requests are overly broad and not reasonably limited in time or scope. *See* Fed. R. Civ. P. 26(b)(2). To require Plaintiff to prepare a witness for deposition regarding the initial negotiations of contracts executed twenty-five years ago, including any and "all dealings and communications between it and Bell, French & Associates, Inc.," subjects Plaintiff to an unreasonable burden. *See U.S. E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, No. CIV.A. DKC-11-2695, 2012 WL 2577795, at \*5 (D. Md. July 2, 2012) (limiting discovery due in part to overly broad time period); *see Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.*, 853 F.2d 1139, 1147 (4th Cir. 1988) (noting that the overly broad scope of the request renders it more of a "fishing expedition" and not reasonably calculated to lead to the discovery of admissible evidence.). Moreover, key witnesses to the discovery sought, including Mr. Finley, the former CEO of Jos. A. Bank; Mr. Bell, the former CEO of the Bell Group; and Mr. Frazer, a former Jos. A. Bank executive, have already been deposed. *See* [ECF Nos. 41, 45]. Neither party has identified any other witnesses with knowledge warranting further discovery. Thus, the relative additional utility of Defendants' requested discovery is low, while the hardship and expense of preparing a witness for deposition is considerable. Furthermore, Defendants have already had an "adequate opportunity to obtain

the information" requested.  *See* Fed. R. Civ. P. 26(b)(2).  Discovery has proceeded for nearly a year in this case, which has been rife with disputes and scheduling difficulties resulting in adjustments to the discovery deadline.  Although both parties "bear some responsibility for the fact that discovery is not yet complete," Defendants have had an adequate opportunity to depose key witnesses and seek relevant discovery.  [ECF No. 38].  Accordingly, Plaintiff's Motion for Protective Order is granted with respect to Deposition Topics 1, 2, 3, 4, 9, and 12.

### B.   Deposition Topics 7 and 8

Next, Plaintiff moves the Court to strike the deposition topics that request testimony regarding the employment of two former managers of Jos. A. Bank, Mr. Finley and Mr. Bell, both of whom left Jos. A. Bank in the 1990s.  [ECF No. 41].  Specifically, Defendants seek discovery regarding "Jos. A Bank's basis for hiring [Mr. Finley and Mr. Bell], and its satisfaction with [their] performance."  *Id.*  Plaintiff argues that the "business acumen and performance [of these managers] are not relevant to the issues of this lawsuit[.]"  *Id.*  Plaintiff further contends that, "Jos. A. Bank's basis for hiring these individuals does not relate in any way to the Franchise Agreements in this case, which came years later after their tenures at Jos. A. Bank."  *Id.*  In opposition, Defendants assert that this discovery is relevant because "[Plaintiff] has made it clear that it intends to attack the credibility, business acumen, reliability, and knowledge of these key witnesses," and that "Topics 7-8 seek to discover Jos. A. Bank's factual basis for any such attack."  [ECF No. 43].

Notably, however, Defendants are already aware of the factual basis for Plaintiff's attack on Mr. Finley. Specifically, Plaintiff wrote a September 2016 letter challenging Mr. Finley's credibility, given his current employment with a Bell Group affiliate. *See* [ECF No. 43, Ex. A] (noting Plaintiff's intent to determine the extent to which "Mr. Finley's letter was influenced by the prospect of being paid by [the Bell Group]").  Although Plaintiff advances no similar credibility argument against Mr. Bell, an inquiry into the performance and business acumen of Mr. Bell and Mr. Finley in the early 1990s bears no relevance to their current credibility.  In addition, Mr. Bell and Mr. Finley have both been deposed.  As a result, Defendants have had a full and fair opportunity to test their credibility.  Considering the relatively low utility in Defendants' proposed line of questioning, and Plaintiff's burden in preparing a witness for deposition on the requested topics from decades ago, Plaintiff's Motion for Protective Order is granted with respect to Deposition Topics 7 and 8.

### C.   Deposition Topic 10

Finally, Plaintiff moves this Court to limit the scope of Deposition Topic 10.  [ECF No. 41].  Specifically, that topic seeks discovery regarding "the concept of 'evergreen renewals' in general and with respect to the franchise agreements at issue in this action."  *Id.*  Plaintiff seeks to strike the "in general" portion of this topic because it is "vague" and "call[s] for a legal opinion or expert testimony regarding franchise agreements in general."  *Id.*  In opposition, Defendants contend that "[n]o legal or expert opinion is necessary," because "[Plaintiff's] own

*Jos. A. Bank Clothiers, Inc. v. J.A.B.-Columbia, Inc. et al*
Civil No. ELH-15-3075
January 6, 2017
Page 7

understanding of renewals and how they operate, and the basis for the understanding, is what is sought in this topic." [ECF No. 43].

In this case, Plaintiff's argument is unavailing. Defendants' inquiry is relevant to the central dispute of this case. Defendants have the right to obtain discovery regarding Plaintiff's use and understanding of evergreen renewals, on which their arguments regarding the parties' contractual obligations must ultimately rest. Moreover, Defendants' admission that "[n]o legal or expert opinion is necessary," because Defendants only seek "[Plaintiff's] own understanding of renewals," vitiates Plaintiff's objection and demonstrates that the burden associated with preparing a witness to be questioned on this topic would be low. *See* [ECF No. 43]. Defendants are permitted to question Plaintiff's understanding of "evergreen renewals" as a concept and in specific relation to the parties' franchise agreements. Plaintiff's Motion for Protective Order is therefore denied with respect to Deposition Topic 10.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Protective Order, [ECF No. 41], is GRANTED IN PART and DENIED IN PART.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely,


_____/s/_____
Stephanie A. Gallagher
United States Magistrate Judge